# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### AT COVINGTON

| | | |
|---|---|---|
| **GEORGE STEVEN DUBBA, et al.,** | ) | **Case No. 2-06-CV-27-DLB** |
| | ) | |
| **Plaintiffs,** | ) | **Electronically Filed.** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OHIO VALLEY AFM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER OF DEFENDANT OHIO VALLEY AFM, INC. TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFFS

Now comes Defendant, Ohio Valley AFM, Inc. ("Ohio Valley"), by and through counsel, and answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

1.     Defendant Ohio Valley states that Paragraph 1 of Plaintiffs' Complaint purports to summarize the claims set forth in Plaintiffs' Complaint to which no response is required.  If a response is deemed required, Defendant Ohio Valley denies the allegations set forth in Paragraph 1 of Plaintiffs' Complaint.

2.     Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, which are therefore denied.

3.     Defendant Ohio Valley admits that the principal place of business of Plaintiff Gladys, Inc. is in Oxford, Ohio.  Defendant Ohio Valley is without knowledge and information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of Plaintiffs' Complaint, which are therefore denied.

4.      Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiffs' Complaint, which are therefore denied.

5.      Defendant Ohio Valley admits that the principal place of business of Plaintiff SAI Niketan, Inc. is in Loveland, Ohio.  Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of Plaintiffs' Complaint, which are therefore denied.

6.      Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint, which are therefore denied.

7.      Defendant Ohio Valley admits that the principal place of business of Plaintiff Jay & Krupa, Inc. is in Mt. Carmel, Ohio.  Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of Plaintiffs' Complaint, which are therefore denied.

8.      Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiffs' Complaint, which are therefore denied.

9.      Defendant Ohio Valley admits that the principal place of business of Plaintiff SAI Pritam, Inc. is in Sharonville, Ohio.  Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of Plaintiffs' Complaint, which are therefore denied.

10.     Defendant Ohio Valley admits that Mohan and Sunitha Tokala are AmeriStop franchisees, operating AmeriStop Food Mart Store #29003 at 1629 E. Kemper Road, Sharonville, OH 45246. Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of Plaintiffs' Complaint, which are therefore denied.

11.     Defendant Ohio Valley admits the allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendant Ohio Valley states that Paragraph 12 of Plaintiffs' Complaint is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant Ohio Valley denies the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13.     Defendant Ohio Valley admits that its principle place of business is located in Campbell County, Kentucky and that the contracts between the parties provide for venue in the United States District Court for the Eastern District of Kentucky.

**THE INITIAL INVESTMENT IN AMERISTOP FRANCHISES**

14.     Defendant Ohio Valley admits that these franchisees invested sums of money to purchase the right to operate an AmeriStop Food Mart Store. Defendant Ohio Valley is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of Plaintiffs' Complaint, which are therefore denied.

15.     Defendant Ohio Valley admits the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendant Ohio Valley admits that each franchisee was required to and did enter a Franchise Agreement and Related Agreements to operate an AmeriStop franchise. Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendant Ohio Valley denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendant Ohio Valley admits the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendant Ohio Valley admits the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendant Ohio Valley admits the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendant Ohio Valley admits the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendant Ohio Valley denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

### OHIO VALLEY'S DESTRUCTION OF THE
### ESSENTIAL PURPOSE OF THE FRANCHHISE AGREEMENTS

23.     Defendant Ohio Valley denies the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendant Ohio Valley denies the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendant Ohio Valley denies the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendant Ohio Valley denies the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendant Ohio Valley denies the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendant Ohio Valley denies the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendant Ohio Valley denies the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendant Ohio Valley denies the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendant Ohio Valley denies the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendant Ohio Valley denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendant Ohio Valley denies the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

## <u>OHIO VALLEY'S THREATS TO MR. DUBBA</u>

34.     Defendant Ohio Valley admits that Plaintiff Dubba's Franchise Agreement expires by its terms on March 31, 2006 and that it sent a proposed renewal Franchise Agreement to Plaintiff Dubba on November 14, 2005 which he would have needed to executed to renew his franchise.

35.     Defendant Ohio Valley denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendant Ohio Valley denies the allegations set forth in Paragraph 36 of Plaintiffs' Complaint.

37.     Defendant Ohio Valley denies the allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendant Ohio Valley denies the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39.     Defendant Ohio Valley admits that Plaintiff Dubba did not sign the 2006 Franchise Agreement.  Defendant Ohio Valley further admits that it sent a letter to Plaintiff Dubba on February 2, 2006, which provided ten days written notice of termination of the Franchise Agreement and Related Agreements, requested payment of $47,359.05 owed to Ohio Valley, and notified Plaintiff Dubba that representatives of Ohio Valley would take possession of the Store, change the locks, and count the merchandise inventory if payment of the amount owed Ohio Valley plus six months operating capital were not received by February 10, 2006 in accordance with the Franchise Agreement, Sublease, and Credit and Security Agreement.  Defendant Ohio Valley denies that the letter was sent in retaliation to Plaintiff Dubba's decision not to continue the franchise relationship with Ohio Valley.

40.     Defendant Ohio Valley denies the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendant Ohio Valley admits that its February 2, 2006 letter to Plaintiff Dubba gives notice of its intention to purchase the assets of Plaintiff Dubba's store pursuant to the terms of the Franchise Agreement.  Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

## OHIO VALLEY'S THREATS TO MR. KESIREDDY

42.     Defendant Ohio Valley denies the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendant Ohio Valley denies the allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44.     Defendant Ohio Valley denies the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendant Ohio Valley admits that the Franchise Agreement between it and Plaintiffs Kesireddy expired by its terms on April 28, 2004 and the parties continued to operate under the terms of the Franchise Agreement thereafter.  Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

46.     Defendant Ohio Valley admits the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendant Ohio Valley denies the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48.     Defendant Ohio Valley admits that Mr. Kesireddy signed the Agreement to Renew Franchise Agreement, Sublease and Credit and Security Agreement on September 6, 2005. Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendant Ohio Valley denies the allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

50.     Defendant Ohio Valley admits that it offered to sell Store #29008 and, after he declined the offer to purchase Store #29008, to sell Store #29086 to Plaintiff Kesireddy at extremely favorable terms.  Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

51.     Defendant Ohio Valley admits that it sent a letter to Plaintiff Kesireddy on February 1, 2006, which provided ten days written notice of termination of the Franchise Agreement and Related Agreements, requested payment of $98,375.44 owed to Ohio Valley, and notified Plaintiff Kesireddy that representatives of Ohio Valley would take possession of the Store, change the locks, and count the merchandise inventory if payment of the amount owed Ohio Valley plus six months operating capital has not received by February 10, 2006 in accordance with the Franchise Agreement, Sublease, and Credit and Security Agreement.  Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52.     Defendant Ohio Valley admits that it gave notice of its election to purchase Plaintiff Kesireddy's store assets pursuant to the terms of the Franchise Agreement on February 1, 2006. Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53.     Defendant Ohio Valley admits that it sent a letter to Plaintiff Kesireddy on February 2, 2006, which advised him that the amount of the six months of operating capital referenced in its letter of February 1, 2006 was $28,500.00 and informed him that it would terminate the Franchise Agreement if payment of the amount owed Ohio Valley was not received by February 10, 2006. Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

54.     Defendant Ohio Valley admits the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendant Ohio Valley denies the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendant Ohio Valley denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

## OHIO VALLEY'S THREATS TO THE PATELS

57.     Defendant Ohio Valley admits that the Franchise Agreement with the Patels expired by its terms on December 31, 2005.  Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendant Ohio Valley admits that the land on which the Patels' AmeriStop Store is located is leased from a third party.  Defendant Ohio Valley denies the remaining allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendant Ohio Valley admits the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

60.     Defendant Ohio Valley denies the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

## OHIO VALLEY'S THREATS TO MR. TOKALA

61.     Defendant Ohio Valley admits the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendant Ohio Valley admits the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63.      Defendant Ohio Valley denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1981

64.     Defendant Ohio Valley hereby incorporates its answers to the allegations set forth in Paragraphs 1 through 63 of Plaintiffs' Complaint as if fully restated herein.

65.     Defendant Ohio Valley denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66.     Defendant Ohio Valley denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67.     Defendant Ohio Valley denies the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68.     Defendant Ohio Valley denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69.     Defendant Ohio Valley denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

## COUNT TWO
## BREACH OF CONTRACT

70.     Defendant Ohio Valley hereby incorporates its answers to the allegations set forth in Paragraphs 1 through 69 of Plaintiffs' Complaint as if fully restated herein.

71.     Defendant Ohio Valley denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72.     Defendant Ohio Valley denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

73.     Defendant Ohio Valley denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74.     Defendant Ohio Valley denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75.     Defendant Ohio Valley denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

## COUNT THREE
## RESCISSION

76.     Defendant Ohio Valley hereby incorporates its answers to the allegations set forth in Paragraphs 1 through 75 to Plaintiffs' Complaint as if fully restated herein.

77.     Defendant Ohio Valley denies the allegations set forth in Paragraph 77 of Plaintiffs' Complaint.

78.     Defendant Ohio Valley denies the allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

79.     Defendant Ohio Valley denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint.

80.     Defendant Ohio Valley denies the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

81.     Defendant Ohio Valley denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint.

## COUNT FOUR
## ACTION FOR ACCOUNTING

82.     Defendant Ohio Valley hereby incorporates its answers to the allegations set forth Paragraphs 1 through 81 to Plaintiffs' Complaint as if fully restated herein.

83.     Defendant Ohio Valley denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

84.     Defendant Ohio Valley denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint.

85.     Defendant Ohio Valley denies the allegations set forth in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendant Ohio Valley denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendant Ohio Valley denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint.

88.     Defendant Ohio Valley denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint.

89.     Defendant Ohio Valley denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint.

## COUNT FIVE
## CLAIM FOR BENEFITS DUE UNDER ERISA, 29 U.S.C § 1132

90.     Defendant Ohio Valley hereby incorporates its answers to the allegations set forth in Paragraphs 1 through 89 of Plaintiffs' Complaint as if fully restated herein.

91.     Defendant Ohio Valley denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.

92.     Defendant Ohio Valley denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendant Ohio Valley denies the allegations set forth in Paragraph 93 of Plaintiffs' Complaint.

## COUNT SIX
## UNJUST ENRICHMENT

94.     Defendant Ohio Valley hereby incorporates its answers to the allegations set forth in Paragraphs 1 through 93 of Plaintiffs' Complaint as if fully restated herein.

95.     Defendant Ohio Valley denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendant Ohio Valley denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint.

97.     Defendant Ohio Valley denies any and all allegations not specifically admitted herein.

## SECOND DEFENSE

98.     Defendant Ohio Valley states that all or some of the allegations set forth in Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

99.     All or some of the claims against Defendant Ohio Valley as set forth in Plaintiffs' Complaint were not commenced within the time limitations provided by the applicable law and, thus, are barred by the applicable statute of limitations.

## FOURTH DEFENSE

100.    All or some of Plaintiffs' claims are barred by the statute of frauds.

## FIFTH DEFENSE

101.    All or some of Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands and/or laches.

## SIXTH DEFENSE

102.    The damages of which Plaintiffs' complains were caused, in whole or in part, by the conduct of Plaintiffs or their agents.

## SEVENTH DEFENSE

103.    All or some of Plaintiffs' claims are barred because they are based upon parole evidence.

## EIGHTH DEFENSE

104.    Defendant Ohio Valley is entitled to a set-off of damages and/or a limitation of damages pursuant to statute, equity or otherwise.

## NINTH DEFENSE

105.    Plaintiffs have failed to mitigate and/or minimize their damages.

## TENTH DEFENSE

106.    Defendant Ohio Valley states that it justifiably relied upon representations and conduct of Plaintiffs, over which it had no control, to its detriment.

## ELEVENTH DEFENSE

107.    Plaintiffs' claims are barred for failure to join all parties necessary to this cause.

## TWELFTH DEFENSE

108.    Plaintiffs' claims are barred by insufficiency of process.

## THIRTEENTH DEFENSE

109.    Plaintiffs' claims are barred by insufficiency of service of process.

## FOURTEENTH DEFENSE

110.    Defendant Ohio Valley had legitimate business and contractual reasons for terminating the Franchise Agreements of Plaintiffs.

## FIFTEENTH DEFENSE

111.    Plaintiffs' claims for punitive damages are violative of the Constitutions of Ohio and of the United States.

## SIXTEENTH DEFENSE

112.     Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Ohio Valley for any theory which would justify the imposition of punitive or exemplary damages under any applicable law.

## SEVENTEENTH DEFENSE

113.     Ohio Valley denies that it engaged in any wanton, reckless, extreme and outrageous, intentional, deliberate, wrongful or malicious conduct, and denies that Plaintiffs have produced or will produce evidence sufficient to support or sustain an award of punitive damages.

## EIGHTEENTH DEFENSE

114.     Plaintiffs cannot recover punitive damages against Ohio Valley because such an award, which is penal in nature, would violate its constitutional rights protected under the Constitutions of Ohio and of the United States, unless Ohio Valley is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## NINETEENTH DEFENSE

115.     To award punitive damages against Ohio Valley in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and of the Ohio Constitution.

## TWENTIETH DEFENSE

116.     To award punitive damages against Ohio Valley in this case would have a chilling effect upon its rights to open access to the courts in violation of the United States Constitution and the Ohio Constitution.

## **TWENTY-FIRST DEFENSE**

117.    An award of punitive damages against Ohio Valley in this case would amount to and constitute a denial of due process as afforded by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and by the due process clause of the Ohio Constitution, as a deprivation of property without due process, or standards or criteria of due process, including but not limited to the following grounds and circumstances, separately and severally assigned:

(a)    There is a lack of reasonable standards necessary to instruct the Court on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limit;

(b)    Any punitive damage award would not be subject to post-trial and judicial review on the basis of objective standards and criteria;

(c)    The power and authority imposed upon the Court under Ohio and federal law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

(d)    The power and authority imposed upon the Court under Ohio and federal law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

(e)    Under Ohio and federal law and procedure, there is no objective, logical, or rational relationship between the award or the amount of the award of punitive damages and the alleged wrongful or culpable conduct of Ohio Valley;

(f)     Under Ohio and federal law and procedure, there is no objective, logical or rational relationship between the award or the amount of the award of punitive damages and the interests or goals of the State of Ohio referable to the imposition or allowance of punitive damages;

(g)     Under Ohio and federal law and procedure, there is no objective, logical, or rational criteria for the amount of the award of punitive damages as it pertains or compares to the assessment of compensatory damages, or amount of compensatory damages;

(h)     Federal  procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(i)     The imposition of punitive damages and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of Ohio Valley has been found on the merits, is violative of the foregoing state and federal constitutional principles, and;

(j)     The imposition of punitive damages and determination of the amount of an award thereof subjects Ohio Valley to impermissible multiple punishments for the same alleged wrong, and is violative of the foregoing state and federal constitutional principles.

## <u>TWENTY-SECOND DEFENSE</u>

118.    Defendant Ohio Valley gives notice that it intends to rely upon and utilize any additional defenses as they become available and/or as discovery progresses and/or to avoid injustice, and hereby reserves the right to amend this Answer to assert such defenses.

### COUNTERCLAIM
### AGAINST  PLAINTIFFS GEORGE STEVEN DUBBA AND GLADYS, INC.

### FACTS

1.      Defendant Ohio Valley incorporates by reference all allegations which it has expressly admitted in its answer to Plaintiffs' Complaint.

2.      Plaintiffs George Steven Dubba and Gladys, Inc. ("Dubba") entered into a Franchise Agreement and Related Agreements with Ohio Valley for the operation of AmeriStop Food Store No. 29098 located at 5930 Fairfield Road in Oxford, Ohio.

3.      Ohio Valley has the right to terminate the Franchise Agreement if the franchisee fails to fully comply with any of the franchisee's obligations under the Franchise Agreement and Related Agreements.

### COUNT ONE
### BREACH OF CONTRACT

4.      Defendant Ohio Valley has performed its obligations under the Franchise Agreement and Related Agreements.

5.      Plaintiff Dubba has committed the following breaches of the express terms of the Franchise Agreement:

(a)      Failed to equip the store to meet Ohio Valley's requirements in violation of Section 7.2 of the Franchise Agreement;

(b)      Failed to purchase, use and maintain computer systems and software programs as required by Ohio Valley in violation of Section 8.9 of the Franchise Agreement;

(c)      Exceeded the Stated Credit Limit for the Store established in Section 1 of the Credit and Security Agreement in violation of Section 13.4 of the Franchise Agreement;

(d)     Failed to immediately contribute additional cash capital as determined by Ohio Valley in violation of Section 1 of the Credit and Security Agreement and Section 13.4 of the Franchise Agreement; and

(e)     Failed to send daily reports, original invoices, cash receipts, duplicate deposit tickets, receipts for payments to suppliers C.O.D. and other documents on a daily basis in violation of Section 13.6 of the Franchise Agreement.

6.     Defendant Ohio Valley has been and continues to be damaged by Plaintiff Dubba's material breaches of the Franchise Agreement and Related Agreements.

## COUNT TWO
## PROMISSORY ESTOPPEL

7.     On September 20, 2005, Plaintiff Dubba promised in writing to pay, in full by January 2006, the money loaned to his store pursuant to the Franchise Agreement and Related Agreements with Ohio Valley.  A true and accurate copy of Plaintiff Dubba's written promise is attached hereto as Exhibit 1.

8.     Ohio Valley reasonably relied on Dubba's promise to its detriment.

9.     During the four months that Plaintiff Dubba had provided to repay his debt to Ohio Valley in full, the Dubba franchise incurred and continues to incur additional debt to Ohio Valley's detriment.

10.     Based upon Plaintiff Dubba's written promise, Ohio Valley refrained from terminating the Franchise Agreement and Related Agreements to its detriment.

11.     Ohio Valley did not know and could not have known that Plaintiff Dubba's promise was misleading.

12.     Injustice can only be avoided by enforcement of Dubba's written promise to Ohio Valley.

19

## COUNT THREE
## UNJUST ENRICHMENT

13.     Plaintiff Dubba has been unjustly enriched at the expense of Ohio Valley by Plaintiff Dubba's refusal to repay money loaned to the franchise by Ohio Valley.

14.     Ohio Valley is entitled to be compensated for all money, including interest, wrongfully refused to be repaid to Ohio Valley by Plaintiff Dubba by which Plaintiff Dubba has been unjustly enriched.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Dubba has materially breached the express terms of the Franchise Agreement and Related Agreements, Ohio Valley requests:

(a)     Under Chapter 2721 of the Ohio Revised Code and other applicable Ohio law, an Order declaring the Franchise Agreement and Related Agreements terminated pursuant to Section 18.1 of the Franchise Agreement and requiring Dubba to vacate the premises immediately;

(b)     An award for compensatory damages for breach of contract in an amount to be proven at trial;

(c)     An award of attorneys' fees and costs and expenses, including, but not limited to, expert witness fees and deposition costs, associated with this litigation under Section 21.5 of the Franchise Agreement and Section 6 of the Credit and Security Agreement;

(d)     Interest and costs from the date of Plaintiff Dubba's first breach of the contract; and

(e)     Other such relief as may be fair and equitable.

## COUNTERCLAIM
## AGAINST PLAINTIFFS RAMU KESIREDDY, UMA KESIREDDY
## AND SAI NIKETAN, INC.

1.     Defendant Ohio Valley incorporates by reference all allegations which it has expressly admitted in its Answer to Plaintiffs' Complaint by reference.

2.     Plaintiffs Ramu Kesireddy, Uma Kesireddy, and Sai Niketan, Inc. ("Kesireddy") entered into a Franchise Agreement and Related Agreements with Ohio Valley for the operation of AmeriStop Food Store No. 29064 located at 3251 W. Montgomery Road in Loveland, Ohio.

3.     Ohio Valley has the right to terminate the Franchise Agreement if the franchisee fails to fully comply with any of the franchisee's obligations under the Franchise Agreement and Related Agreements.

## COUNT ONE
## BREACH OF CONTRACT

4.     Defendant Ohio Valley has performed its obligations under the Franchise Agreement and Related Agreements.

5.     Plaintiff Kesireddy has committed the following breaches of the express terms of the Franchise Agreement and Related Agreements:

(a)     Failed to equip the store to meet Ohio Valley's requirements in violation of Section 7.2 of the Franchise Agreement;

(b)     Failed to remodel and upgrade the premises and Store to Ohio Valley's specifications in violation of Section 7.3 of the Franchise Agreement;

(c)     Exceeded the Stated Credit Limit for the Store established in Section 1 of the Credit and Security Agreement in violation of Section 13.4 of the Franchise Agreement;

(d)     Failed to immediately contribute additional cash capital as determined by Ohio Valley in violation of Section 1 of the Credit and Security Agreement and Section 13.4 of the Franchise Agreement;

(e)     Failed to send daily reports, original invoices, cash receipts, duplicate deposit tickets, receipts for payments to suppliers C.O.D. and other documents on a daily basis in violation of Section 13.6 of the Franchise Agreement; and

(f)     Failed to maintain hours of operation as required by Section 22.1 of the Franchise Agreement.

6.     Defendant Ohio Valley has been and continues to be damaged by Plaintiff Kesireddy's breach of the Franchise Agreement and Related Agreements in an amount to be determined at trial.

## COUNT TWO
## PROMISSORY ESTOPPEL

7.     On or about August 1, 2005, Plaintiff Kesireddy promised in writing to pay in full the money loaned to his store pursuant to the Franchise Agreement and Related Agreements with Ohio Valley.   A true and accurate copy of Plaintiff Kesireddy's written promise is attached hereto as Exhibit 2.

8.     On or about November 8, 2005, Plaintiff Kesireddy orally promised to repay in full the money loaned to his franchise pursuant to the Franchise Agreement and Related Agreements with Ohio Valley.

9.      Ohio Valley reasonably relied on Kesireddy's promises to its detriment.

10.     Since Plaintiff Kesireddy's promises to Ohio Valley to repay his debt, the Kesireddy franchise has incurred and continues to incur additional debt to Ohio Valley's detriment.

11.     Based upon Plaintiff Kesireddy's oral promise, Ohio Valley refrained from terminating the Franchise Agreement and Related Agreements to its detriment.

12.     Ohio Valley did not know and could not have known that Plaintiff Kesireddy's promise was misleading.

13.     Injustice can only be avoided by enforcement of Kesireddy's written and oral promises to Ohio Valley.

### COUNT THREE
### UNJUST ENRICHMENT

14.     Plaintiff Kesireddy has been unjustly enriched at the expense of Ohio Valley by Plaintiff Kesireddy 's refusal to repay money loaned to Plaintiff Kesireddy from Ohio Valley.

15.     Ohio Valley is entitled to be compensated for all money, including interest, wrongfully refused to be repaid to Ohio Valley by Plaintiff Kesireddy by which Plaintiff Kesireddy has been unjustly enriched.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Kesireddy has materially breached the express terms of the Franchise Agreement and Related Agreements, Ohio Valley requests:

(a)     Under Chapter 2721 of the Ohio Revised Code and other applicable Ohio law, an Order declaring the Franchise Agreement and Related Agreements terminated pursuant to Section 18.1 of the Franchise Agreement and requiring Kesireddy to vacate the premises immediately;

(b)     An award for compensatory damages for breach of contract in an amount to be proven at trial;

(c)     An award of attorneys' fees and costs and expenses, including, but not limited to, expert witness fees and deposition costs, associated with this litigation under Section 21.5 of the Franchise Agreement and Section 6 of the Credit and Security Agreement;

(d)     Interest and costs from the date of Plaintiff Kesireddy's first breach of the contract; and

(e)     Other such relief as may be fair and equitable.

## COUNTERCLAIM
## AGAINST  PLAINTIFFS YOGESH PATEL, NITABEN PATEL, AND JAY & KRUPA, INC.

## FACTS

1.     Defendant Ohio Valley incorporates by reference all allegations which it has expressly admitted in its answer to Plaintiffs' Complaint.

2.     Plaintiffs George Yogesh Patel, Nitaben Patel, and Jay & Krupa, Inc. ("Patel") entered into a Franchise Agreement and Related Agreements with Ohio Valley for the operation of AmeriStop Food Store No. 29015 located at 481 Old State Route 74 in Mt. Carmel, Ohio.

3.     Patel has no right of renewal under the Franchise Agreement.

4.     The Franchise Agreement with Patel expired by its terms on December 31, 2005.

5.     Since the expiration of the Franchise Agreement on December 31, 2005, Patel has continued to operate AmeriStop Food Store No. 29015 as an Ohio Valley franchisee.

6.     On January 23, 2006, Ohio Valley provided notice to Patel of its decision not to renew the Franchise Agreement and Related Agreements with Patel and provided thirty days notice for Patel to vacate the premises.

## PRAYER FOR RELIEF

Wherefore, the Franchise Agreement and Related Agreements, have expired by their express terms, Ohio Valley requests:

(a)    Under Chapter 2721 of the Ohio Revised Code and other applicable Ohio law, an Order declaring the franchise relationship terminated and requiring Patel to vacate the premises immediately;

(b)    An award for compensatory damages in an amount to be proven at trial in the event Plaintiff Patel exceeds the Stated Credit Limit for the Store established in Section 1 of the Credit and Security Agreement in violation of Section 13.4 of the Franchise Agreement during the pendency of this action;

(c)    An award of attorneys' fees and costs and expenses, including, but not limited to, expert witness fees and deposition costs, associated with this litigation under Section 21.5 of the Franchise Agreement and Section 6 of the Credit and Security Agreement; and

(d)    Other such relief as may be fair and equitable.

## COUNTERCLAIM
## AGAINST  PLAINTIFFS MOHAN TOKALA, SUNITHA TOKALA, AND SAI PRITAM, INC.

## FACTS

1.     Defendant Ohio Valley incorporates by reference all allegations which it has expressly admitted in its answer to Plaintiffs' Complaint.

2.     Plaintiffs Mohan Tokala, Sunitha Tokala, and Sai Pritam, Inc. ("Tokala") entered into a Franchise Agreement and Related Agreements with Ohio Valley for the operation of AmeriStop Food Store No. 29003 located at 1629 E. Kemper Road in Sharonville, Ohio.

3.     Ohio Valley has the right to terminate the Franchise Agreement if the franchisee fails to fully comply with any of the franchisee's obligations under the Franchise Agreement and Related Agreements.

4.     Plaintiff granted First Financial Bank a senior security interest prior in right to Ohio Valley without the written consent of Ohio Valley.

## COUNT ONE
## BREACH OF CONTRACT

5.     Defendant Ohio Valley has performed its obligations under the Franchise Agreement and Related Agreements.

6.     Plaintiff Tokala has granted a security interest in the assets of the store without the written consent of Ohio Valley in violation of Section 12.D of the Credit and Security Agreement.

7.     Defendant Ohio Valley has been and continues to be damaged by Plaintiff Tokala's material breaches of the Franchise Agreement and Related Agreements.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Tokala has materially breached the express terms of the Franchise Agreement and Related Agreements, Ohio Valley requests:

(a)    Under Chapter 2721 of the Ohio Revised Code and other applicable Ohio law, an Order declaring the Franchise Agreement and Related Agreements terminated pursuant to Section 18.1 of the Franchise Agreement and requiring Tokala to vacate the premises immediately;

(b)    An award for compensatory damages for breach of contract in an amount to be proven at trial;

(c)    An award of attorneys' fees and costs and expenses, including, but not limited to, expert witness fees and deposition costs, associated with this litigation under Section 21.5 of the Franchise Agreement and Section 6 of the Credit and Security Agreement;

(d)    Interest and costs from the date of Plaintiff Tokala's first breach of the contract; and

(e)    Other such relief as may be fair and equitable.


Respectfully submitted,



/s/ Frederick M. Erny
Frederick M. Erny (#90061)
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH  45202-4797
Phone:  (513) 977-8200
Fax:    (513) 977-8141
fred.erny@dinslaw.com

Attorney for Defendant
Ohio Valley AFM, Inc.

OF COUNSEL:
Matthew D. Shuler, Esq. (#88292)
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH  45202-4797
Phone:  (513) 977-8200
Fax:    (513) 977-8141
matthew.shuler@dinslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2006 I electronically filed the foregoing Answer and Counterclaims Against Plaintiffs with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following:

Robert B. Craig, Esq.  Craigr@taftlaw.com

Marcia V. Andrew, Esq.  Andrew@taftlaw.com

/s/ Frederick M. Erny