# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | |
|---|---|
| **GEORGE STEVEN DUBBA, et al,** ) | **Case No.  2-06-CV-27-DLB** |
|  ) | |
| **Plaintiffs,** ) | |
|  ) | **Electronically filed.** |
| **v.** ) | |
|  ) | |
| **OHIO VALLEY AFM, INC.,** ) | |
|  ) | |
| **Defendant.** ) | |
|  ) | |

## MOTION OF DEFENDANT OHIO VALLEY AFM, INC. FOR RELIEF FROM THE AGREED ORDER ENTERED FEBRUARY 9, 2006 REGARDING MAINTENANCE OF THE STATUS QUO

Defendant Ohio Valley AFM, Inc. moves for relief from the Agreed Order entered February 9, 2006 because Plaintiffs are using credit extended by Ohio Valley to pay for their counsels' fees in violation of the Agreed Order to maintain the status quo.  Alternatively, Ohio Valley seeks an Order requiring Plaintiffs to repay all money borrowed from Ohio Valley to pay their attorneys' fees in order to maintain the status quo. The grounds for this Motion are set forth more fully in the accompanying memorandum.

Respectfully submitted,

/s/Frederick M. Erny
Frederick M. Erny  (#90061)
Matthew D. Shuler (#88292)
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH  45202-4797
Phone:  (513) 977-8200
Fax:     (513) 977-8141
fred.erny@dinslaw.com
matthew.shuler@dinslaw.com

Attorneys for Defendant
Ohio Valley AFM, Inc.

## **MEMORANDUM**

I. **STATEMENT OF FACTS**

On February 8, 2006, Plaintiffs filed their Complaint and Motion for Temporary Restraining Order and Preliminary Injunction. An emergency telephonic hearing was held on that same date. The hearing was attended by Mary Beth Gettins, Esq., General Counsel for Ohio Valley (because Ohio Valley had not yet retained counsel to represent it), and Robert Craig, Esq. and Marcia Andrew, Esq. on behalf of Plaintiffs. The parties agreed to maintain the "status quo" at the hearing and such agreement was memorialized the following day in an Agreed Order. Since the entry of the Agreed Order on February 9, 2006, several issues have arisen with respect to the operation of the business of the AmeriStop franchises consistent with the Agreed Order and the agreement to maintain the status quo. In resolving these issues, counsel have agreed and confirmed in writing that the status quo was to be maintained (see correspondence attached as Exhibit A).

Recent events, however, have occurred raising questions of Plaintiffs' compliance with the Agreed Order and subsequent affirmation of the Agreed Order by counsel in this case necessitating this Court's intervention. On or about March 21, 2006, Ohio Valley learned that three Plaintiffs (George Dubba, Ramu Kesireddy, and Mohan Tokala) are financing their litigation against Ohio Valley by using Ohio Valley's credit. See, March 23, 2006 Affidavit of Tony Parnigoni, ¶3 ("Parnigoni Aff.") filed contemporaneously with this Motion. Legal fees are not items traditionally incurred in the normal course of the business of operating the AmeriStop franchises and paid by Ohio Valley -- and certainly not legal fees incurred by its franchisees to sue Ohio Valley. Id. at ¶4. This activity also violates Section 13.3 of the Franchise Agreement which requires only that Ohio Valley pay the obligations specifically enumerated within that section and those store obligations "incurred in the normal business of the Store." Id. at ¶5.

To accomplish this payment of their legal fees, each of these Plaintiffs have issued several money orders payable to their counsels' firm. Id. at ¶6. The issuance of these money orders act as payments or withdrawals from their store accounts. Id. Thus, on March 6, 2006, Store No. 29003 (Mohan Tokala's store) issued four separate money orders for $500.00 each payable to Taft, Stettinius & Hollister. Id. at ¶7. The Daily Report for this store illustrates receipts of $2,000.00 for "attorney fee." Id. Similarly, the March 6, 2006 Daily Report from Store No. 29098 (George Dubba's store) has a merchandise purchase entry of $3,000.00 to "Taft Law Firm" in addition to other routine business vendors such as The Dayton Daily News, City of Oxford, Cincinnati Bell, The Enquirer, Dickerson Distributing, Verizon, and Cinergy. Id. at ¶8. The Money Order Closeout Report and money order receipts reflect six $500.00 money orders paid from this store. Id. Store No. 29064 (Ramu Kesireddy's store) also issued four money orders to finance this case in the total amount of $2,000.00. Id. at ¶9.

As discussed in its Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dckt. No. 12), Plaintiffs Dubba, Kesireddy, and Tokala are presently operating their respective franchises in a deficit position. See pp. 4-13. That is, they have not generated enough money to cover the normal operating expenses of the stores. In these circumstances, Ohio Valley extends credit to the franchisees to finance the operations of their stores pursuant to their Franchise Agreements and Credit and Security Agreements. As the Court is aware, the deficit positions of two plaintiffs (Dubba and Kesireddy) are so high (and Plaintiffs have refused to take any remedial action to cure their defaults) that Ohio Valley sought to terminate the Franchise Agreements on that basis. Ohio Valley's actions were prevented by the initiation of the lawsuit, the filing of the motion for temporary restraining order and preliminary injunction, and the Agreed Order. Nonetheless, three Plaintiffs (Dubba, Kesireddy, and Tokala) have been afforded the luxury

of further increasing their deficit positions as a result of these events and by financing their litigation against Ohio Valley.

On March 21, 2006, Ohio Valley requested that Plaintiffs deposit money into their accounts to reimburse Ohio Valley for the credit that was extended for the money orders (see correspondence attached as Exhibit B). Plaintiffs have refused, claiming that such disbursements are routinely made in the normal course of business.

## II. ARGUMENT

At the outset of this case, the parties agreed to maintain the status quo. Until the instant situation, counsel in this case have worked together to maintain the status quo while at the same time permitting the businesses to be run in the ordinary course. Now, Plaintiffs have brazenly used their store accounts and Ohio Valley's credit to finance their litigation against Ohio Valley. Under Section 13.3 of the Franchise Agreement, Ohio Valley must only pay "obligations of Franchisee incurred in the normal business of the Store."

Legal fees are not obligations incurred in the normal course of the operation of the AmeriStop franchise business. Even a cursory examination of Dubba's Daily Report shows what is meant by "ordinary course of business." When juxtaposed against The Dayton Daily News, City of Oxford, Cincinnati Bell, The Enquirer, Dickerson Distributing, Verizon, and Cinergy, the Taft Law Firm entry clearly does not reflect the normal course of business. Plaintiffs can point to no instance where Ohio Valley extends credit to a franchisee to sue it.

Not only is Ohio Valley not obligated to pay these Plaintiffs' legal bills, but Dubba, Kesireddy, and Tokala should not be permitted to borrow money from Ohio Valley to pay their legal fees to sue Ohio Valley. The payment of legal fees was never the status quo, much less legal fees to

sue Ohio Valley. Plaintiffs are ignoring the status quo and are taking advantage of the Court's Order to finance their lawsuit against Ohio Valley.

### III. CONCLUSION

For these reasons, Defendant Ohio Valley requests an Order granting Ohio Valley relief from the Agreed Order such that it can proceed forthwith to terminate the franchises of Plaintiffs Dubba, Kesireddy and Tokala. In the alternative, Ohio Valley seeks a return to the status quo and requests an Order requiring Plaintiffs to immediately repay the money borrowed from it to pay their legal fees.

Respectfully submitted,

/s/Frederick M. Erny
Frederick M. Erny (#90061)
Matthew D. Shuler (#88292)
DINSMORE & SHOHL LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202-4797
Phone: (513) 977-8200
Fax: (513) 977-8141
fred.erny@dinslaw.com
matthew.shuler@dinslaw.com

Attorneys for Defendant
Ohio Valley AFM, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2006 I electronically filed the foregoing Motion of Defendant Ohio Valley AFM, Inc. for Relief from the Agreed Order Entered February 9, 2006 Regarding Maintenance of the Status Quo with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following:

Robert B. Craig, Esq. Craigr@taftlaw.com

Marcia V. Andrew, Esq. Andrew@taftlaw.com

/s/Frederick M. Erny

1250142v2